**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HECTOR PAGAN,<br><br>        Defendant. | Criminal Action No. 21-936 (SDW)<br><br>**WHEREAS OPINION & ORDER**<br><br>September 18, 2025 |

      **THIS MATTER** having come before this Court upon Defendant Hector Pagan's ("Defendant") Motion for Compassionate Release ("Motion") (D.E. 22), and this Court having reviewed the parties' submissions (D.E. 25; 26; 27); and

      **WHEREAS** Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. He asserts that he suffers from cancer and that his condition is not being adequately treated while incarcerated. At the time the Motion was filed, however, Defendant was not in federal custody; rather, he remained housed in a state facility awaiting designation to a Bureau of Prisons ("BOP") institution. The Motion alternatively requested an order transferring him to federal custody; and

      **WHEREAS** § 3582(c)(1)(A) authorizes a sentencing court to "reduce the term of imprisonment" upon a motion by the defendant only after statutory exhaustion and consideration of the § 3553(a) factors, and the Third Circuit has emphasized the statute's mandatory exhaustion requirement, *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); s*ee also United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020) (affirming denial based on § 3553(a)); and

**WHEREAS** courts have held that compassionate relief under § 3582(c)(1)(A) assumes that the defendant has begun serving a federal term of imprisonment; *see, e.g., United States v. Fower*, 30 F.4th 823, 826–28 (9th Cir. 2022) (holding compassionate relief "is not available to defendants prior to incarceration"), and district courts have similarly treated pre-BOP-custody motions as premature. *See, e.g. United States v. Konny*, 463 F. Supp. 3d 402, 404–05 (S.D.N.Y. 2020) (holding that "by its plain terms, the [compassionate relief statute] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility"); *United States v. Riccardi*, Crim. No. 21-197, 2025 WL 1795208, at *3 (S.D.N.Y. June 30, 2025); *United States v. Altschul*, Crim. No. 03-19, 2024 WL 4653649, at *2 (E.D. Tx. Oct. 31, 2024) ("[A]ny request for compassionate release is premature" because the defendant had yet to serve his federal sentence); and

**WHEREAS** the United States Marshals Service has confirmed that Defendant has since been designated to BOP and transferred to federal custody, and thus the alternative transfer request has already been accomplished; therefore

**IT IS**, on this 18th day of September 2025,

**ORDERED** that the Motion is **DENIED AS MOOT** in light of the premature nature and Defendant's transfer to federal custody, which provides the alternative relief sought in the Motion.

**SO ORDERED.**

                                                    ___*/s/ Susan D. Wigenton*___
                                                    **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties